CHARLES W. WHIPPLE *vs.* CULLEN BROWN, et al.

First Circuit.

Whipple
*vs.*
Brown.

The return of a Master charged with the execution of an order of Court showing the failure of a person to appear and submit to an examination, as required by the order is sufficient foundation for a rule to show cause why an attachment should not issue for contempt.

The return on the summons or the affidavit of service should show when and how it was served.

When a notice was to appear before V., a master, and the return was by D., a master, that the defendant did not appear—Held to be irregular.

This was a rule for the defendant Brown to show cause why an attachment should not issue for contempt in not obeying a master's summons to appear at the master's office and submit to an examination as to the rights and credits of the defendants, under a creditor's bill. The summons was issued on the twenty-second, served on the twenty-third, at half past two o'clock, P. M., and required the defendant to appear at the office of the master on the twenty-fourth, at ten o'clock, A. M. The summons was to appear before Jeremiah VanRensselaer, Esq., a master of this court, while the report of the master is made by W. W. Dalton, Esq., who had the execution of the order, to examine the defendants and appoint a receiver.

A. DAVIDSON, for the Complainant.

D. STUART, for the Defendants.

THE CHANCELLOR.—The return of a master, charged with the execution of an order of this court is a sufficient foundation for a rule to show cause, that rule having been taken *exparte*, it is competent now for the respondent to show cause against granting the attachment.

The defendant swears positively that the notice to appear before the master was served only some eighteen hours before the time he was required to appear, and he specifies the time of service, and when he was required to appear. The master in his return refers to the affidavit of Mr. Holbrook, as to the mode of service.

On looking at this affidavit of service, it is perceived that he does not specify when or how it was served, but that it was the usual time pursuant to the seventy-second rule. It shows his conclusion; the facts should be stated in order to enable the court to judge.

It strikes me that a copy of the notice should have been returned with the proof of service endorsed, Brown also swears that no other notice has been served upon him in the cause, except the summons of the master, for the purpose of appointing a receiver, which was obeyed.

This proceeding I think has been irregular, and the court is bound under this proceeding to notice it.

The notice and return under the rule to show cause, is also irregular. The notice to Brown under this rule is to appear before the master, in four days, &c. The notice as returned, endorsed upon the order is, that Jeremiah VanRenselaer jr., a master of this court, had the execution of the order referred to.

The return upon the order is made by Mr. Dalton, that the respondent did not appear before *him*, pursuant to the order. The notice did not require the respondent to appear before him, but before Mr. Van Rensselaer, and *non constat*, but that he has appeared according to notice.

While on the one hand there is no escape from the proceedings under this class of bills, when the proceedings are regular, on the other, such is the severity of its operation, it would be hazardous to the rights of the parties defendant, if the courts were to relax the strictness of the proceedings, and attach a party when in fact as appears here, the notice has been clearly irregular.

Motion denied.